IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IAN CHARLES ARMSTRONG )
(#2014-1019160), )
 )
        Plaintiff, )
 )
    v. ) Case No. 16 C 9215
 )
**COOK COUNTY, ILLINOIS, TOM DART**, )
et al., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Pro se prisoner plaintiff Ian Charles Armstrong ("Armstrong") has utilized the Clerk's-Office-supplied printed form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint") to sue Cook County, its Sheriff Thomas Dart, Cook County Board President Toni Preckwinkle, the Cook County Board of Commissioners and several staff people at the Cook County Department of Corrections ("County Jail"), charging that he was forced to endure unconstitutional conditions of confinement while in custody at the County Jail. Armstrong has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

To comply with our Court of Appeals' directive in such prisoner lawsuits, this Court must first address the Application. Because almost a full month elapsed between Armstrong's August 29, 2016 signing of the Application and the September 23 date on which Armstrong's papers arrived in the Clerk's Office,[1] the printout of all transactions in Armstrong's trust fund

---

[1] For some unexplained reason or reasons, such gaps of varying lengths are encountered with great frequency in pro se prisoner filings. That of course often creates substantial problems
(continued)

account at the Cook County Jail spanned only five months of the six-month period called for by 28 U.S.C. § 1915(a)(2).[2]  Both this Court's law clerk and one of the District Court's staff attorneys assigned to prisoner litigation requested and have obtained the missing information to enable this Court to calculate the average monthly deposits to Armstrong's account during the entire six-month period ending September 20 (see Section 1915(b)(1)(A)) as amounting to $221.67, 20% of which (id.) comes to $44.33.  Accordingly the Application [Dkt. No. 3] is granted in Section 1915(b) terms, Armstrong is assessed an initial partial filing fee of $44.33 plus 20% of any deposits to Armstrong's trust fund account there since September 20, and the Cook County Jail trust fund officer is ordered to collect that amount from that account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department.

After such payment the trust fund officer at Cook County Jail (or at any other correctional facility where Armstrong may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to

---

(footnote continued)
in identifying the "filing " date of such actions in terms of the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266 (1988).  But in this instance Armstrong's handwritten September 16 date on his Affidavit included in the Complaint, coupled with the September 23 date of the Clerks' Office stamped receipt, confirms that September 20 is appropriate to use as the mailbox rule "filing" date.

  [2]  Further references to subparts of 28 U.S.C. § 1915 will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Armstrong's name and the 16 C 9215 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Cook County Jail trust fund officer.

To shift now to Armstrong's Complaint, its Section IV <u>Statement of Claim</u> alleges in part that social worker Tyler (who assertedly has responsibility for collecting all prisoner grievances) has repeatedly refused to accept Armstrong's multiple grievances on the subject on the ground that they are "redundant" because Armstrong's cellmate has complained about the same assertedly unconstitutional conditions of confinement. It's frankly difficult to say which is more intolerable -- the asserted conditions that Armstrong's Complaint describes graphically or Social Worker Tyler's arbitrary and unacceptable conduct. That comparison need not be attempted, however, for under the circumstances Armstrong must be considered as having satisfied the precondition to suit -- exhaustion of all available remedies -- established by 42 U.S.C. § 1997e(a).

So Armstrong's case can go forward, and this Court also grants his Motion [Dkt. Nos. 4 and 5] and has obtained the name of this member of the District Court's trial bar to represent Armstrong:

> Steven Douglas McCormick, Esq.
> Kirkland & Ellis LLP
> 300 North LaSalle Street
> Chicago, IL 60654
> Phone: 312-862-2000
> E-Mail: smccormick@kirkland.com.

That calls for the issuance of an initial scheduling order, and this Court is contemporaneously issuing such an order that should allow counsel time (1) to confer with Armstrong, (2) to arrange

for service on those of Armstrong's targeted defendants who are appropriately suable for the constitutional violations described in the Complaint, (3) to determine whether to proceed with Armstrong's self-prepared Complaint or, instead, to file an Amended Complaint and (4) to take whatever other preparatory steps may be pursued before the status hearing date specified in the scheduling order.

                                                                               _____
                                                                               Milton I. Shadur
                                                                               Senior United States District Judge

Date:   October 13, 2016