# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ian Charles Armstrong, | ) |
| Plaintiff, | ) |
| | ) Case No. 16 C 9215 |
| v. | ) |
| | ) Honorable Judge Matthew F. Kennelly |
| Cook County, Illinois, et al., | ) |
| Defendants. | ) |

## FINAL PRETRIAL ORDER

Pursuant to this Court's Final Pretrial Order requirements, each of the following categories of materials is included:

1. Jurisdiction

2. Claims

3. Relief sought

4. Witnesses

5. Exhibits

6. Type and length of trial

7. Proposed voir dire questions

8. Proposed jury instructions

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Dated: September 20, 2019                           Respectfully submitted,

*/s/ Han Cui*
Steven Douglas McCormick (#1824260)
Charles W. Douglas, Jr. (#6289391)
Martin R. Martos, II (#6303908)
Han Cui (#6323776)
Nicholas Krislov (#6329961)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
smccormick@kirkland.com
charles.douglas@kirkland.com
martin.martos@kirkland.com
han.cui@kirkland.com
nick.krislov@kirkland.com

***Attorneys for Plaintiff***

*/s/ John C. Coyne*
John C. Coyne
LAW OFFICES OF JOHN C. COYNE
53 West Jackson Boulevard #1750
Chicago, Illinois 60604
Telephone: (312) 583-9500
jcc@johnccoynelaw.com

***Attorney for Defendant Michael Tylor***

*/s/ Oscar Kpota*
Oscar Kpota
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Room 500
Chicago, Illinois 60602
Telephone: (312) 603-3304
OSCAR.KPOTA@cookcountyil.gov

***Attorney for Defendants Thomas Dart and Cara Smith***

**I.     JURISDICTION**

Plaintiff Ian Charles Armstrong ("Armstrong") brings this lawsuit against Defendants Michael Tylor ("Tylor") in his individual and official capacity, and Thomas Dart ("Dart") and Cara Smith ("Smith") in their official capacities, for violations of his substantive due process rights as a pretrial detainee in Cook County Jail under the Fourteenth Amendment and 42 U.S.C. § 1983. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Armstrong's 42 U.S.C. § 1983 claim because this civil action arises under the Constitution, laws, or treaties of the United States.

Armstrong also seeks to recover compensatory damages from Dart in his official capacity under the Local Governmental and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/1-101, et seq. The Court has supplemental subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the other claims in this action over which the Court has original jurisdiction that the state law claim forms part of the same case or controversy under Article III of the United States Constitution.

The Parties do not dispute the Court's subject matter jurisdiction.

**II.    CLAIMS**

**A.     Plaintiff Armstrong's Statement of Facts**

From May 15, 2016 until August 31, 2016, Plaintiff Ian Charles Armstrong was a pretrial detainee at Cook County Jail and was housed in Division 10, Cell 3415. As a pretrial detainee, Mr. Armstrong was entitled to sanitary living conditions. Yet, for 109 days, the toilet in Mr. Armstrong's cell leaked feces, urine, and toilet water into his cell. On five separate occasions, Mr. Armstrong tried to use the Sheriff's Office Inmate Grievance Procedure to submit grievance forms about the broken toilet and sewage in his cell; however, Defendant Michael Tylor refused to accept his grievances. Mr. Armstrong also tried asking for help from multiple jail officers of various rank,

but to no avail. From May 2016 to August 2016, Defendants never closed the cell to repair the toilet or moved Mr. Armstrong from the cell. As a result, Mr. Armstrong was unable to eat and suffered excessive vomiting, headaches, insomnia, and nightmares. Mr. Armstrong therefore claims Defendants violated his constitutional rights by forcing him to live in unsanitary conditions with a malfunctioning toilet for 109 days.

  **B. Defendant Tylor's Statement of Facts**

Plaintiff contends he suffered headaches and mental anguish as a result of being exposed to feces and urine in his jail cell while a detainee in the Cook County Jail. Plaintiff further contends that Defendant Michael Tylor was a cause of these ailments by failing to accept certain grievance forms Plaintiff filled out. Defendant Tylor denies any act or omission on his part was in any way responsible for any of Plaintiff's claimed injuries or damages.

  **C. Defendants Dart and Smith's Statement of Facts**

This is a condition of confinement case. Plaintiff contends that he was forced to spend 109 days in a Cook County Jail cell with a malfunctioning toilet that leaked feces and urine into his cell. Defendants argue that Plaintiff's toilet was fixed, that Plaintiff did not suffer any injury, and that there is no evidence of policy, or policy gap, which would result in keeping a detainee in an insalubrious cell.

**III. RELIEF SOUGHT**

Armstrong seeks to recover (1) compensatory damages in the amount of $109,000 against Tylor in both his individual and official capacity and Dart and Smith in their official capacities under joint and several liability; (2) punitive damages against Tylor in his individual capacity; and (3) attorneys' fees against Tylor in his individual and official capacity and Dart and Smith in their official capacities under joint and several liability.

**IV.  WITNESSES**

    **A.  Armstrong's Witnesses**

        **1.  Witnesses Who Will Be Called**

            a.  Ian Charles Armstrong (Cook County Jail, Division 9, 2854 W 31st St., Chicago, IL 60608);

            b.  Sheriff's Office Custodian of Records (50 W Washington, Chicago, IL 60601); and

            c.  Department of Facilities Management Custodian of Records (69 W. Washington, Suite 3000, Chicago, IL 60602).

        **2.  Witnesses Who May Be Called**

            a.  Michael Tylor (50 W Washington, Chicago, IL 60601);

            b.  John Mueller (50 W Washington, Chicago, IL 60601);

            c.  Salomon Martinez (50 W Washington, Chicago, IL 60601);

            d.  John Gornick (69 W. Washington, Suite 3000, Chicago, IL 60602);

            e.  Roland Lankah (50 W Washington, Chicago, IL 60601);

            f.  James Morrison (50 W Washington, Chicago, IL 60601);

            g.  Michael Johnson (50 W Washington, Chicago, IL 60601);

            h.  Joseph Merkel (69 W. Washington, Suite 3000, Chicago, IL 60602); and

            i.  Any person who appears on the will-call or may-call list for another party.

        **3.  Witnesses Whose Deposition Will Be Used**

            a.  John Mueller (50 W Washington, Chicago, IL 60601);

            b.  Salomon Martinez (50 W Washington, Chicago, IL 60601); and

        c.        John Gornick (69 W. Washington, Suite 3000, Chicago, IL 60602).

Armstrong's listing of the deposition testimony that he seeks to present is attached as Exhibit A to this Order. Defendants have no objections to Armstrong's deposition designations. Armstrong reserves the right to call any of the will-call or may-call witnesses by deposition should any of those witnesses unexpectedly become unavailable for trial. In addition, Armstrong reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary.

    **B.**    **Tylor's Witnesses**

        **1.**    **Witnesses Who Will Be Called**

            a.        Michael Tylor (50 W Washington, Chicago, IL 60601); and

            b.        John Mueller (50 W Washington, Chicago, IL 60601).

        **2.**    **Witnesses Who May Be Called**

            a.        James Morrison (50 W Washington, Chicago, IL 60601);

            b.        Roland Lankah (50 W Washington, Chicago, IL 60601);

            c.        John Gornick (69 W. Washington, Suite 3000, Chicago, IL 60602);

            d.        Michael Johnson (50 W Washington, Chicago, IL 60601);

            e.        Tylor reserves the right to call Armstrong as a witness;

            f.        Tylor reserves the right to call any witness identified in any other party's witness list; and

            g.        Lester Hampton (50 W Washington, Chicago, IL 60601)—Tylor will not call Hampton in his case-in-chief, and will only call Hampton as a rebuttal witness.

**ARMSTRONG'S OBJECTIONS:** Armstrong objects to Tylor calling Lester Hampton as an untimely disclosed witness. Tylor disclosed Hampton for the first time during the second exchange of the final pretrial order. Tylor has never disclosed Hampton in discovery, and Hampton

6

has never been deposed. If the Court decides to allow Hampton to be called as a rebuttal witness, Armstrong reserves the right to depose Hampton prior to trial.

      **3.**      **Witnesses Whose Deposition Will Be Used**

Tylor will not call any witnesses by deposition. Tylor reserves the right to call any of the will-call or may-call witnesses by deposition should any of those witnesses unexpectedly become unavailable for trial.

**C.**      **Dart and Smith's Witnesses**

      **1.**      **Witnesses Who Will Be Called**

            a.      Ian Charles Armstrong (Cook County Jail, Division 9, 2854 W 31st St., Chicago, IL 60608);

            b.      Salomon Martinez (50 W Washington, Chicago, IL 60601);

            c.      Joseph Merkel (69 W. Washington, Suite 3000, Chicago, IL 60602); and

            d.      John Gornick (69 W. Washington, Suite 3000, Chicago, IL 60602).

      **2.**      **Witnesses Who May Be Called**

            a.      John Mueller (50 W Washington, Chicago, IL 60601).

            b.      Roland Lankah (50 W Washington, Chicago, IL 60601);

            c.      Patrick Nolan (69 W. Washington, Suite 3000, Chicago, IL 60602);

            d.      Michael Tylor (50 W Washington, Chicago, IL 60601);

            e.      James Morrison (50 W Washington, Chicago, IL 60601);

            f.      Michael Johnson (50 W Washington, Chicago, IL 60601); and

            g.      Defendants Dart and Smith reserve the right to call any witness identified in any other party's witness list.

### 3. Witnesses Whose Deposition Will Be Used

Dart and Smith will not call any witnesses by deposition. Dart and Smith reserve the right to call any of the will-call or may-call witnesses by deposition should any of those witnesses unexpectedly become unavailable for trial.

## V. EXHIBITS

The parties' list of joint trial exhibits is attached as Exhibit B to this Order. The parties have the following objections. The parties have attached the disputed exhibits to this Order. Pursuant to the Court's Final Pretrial Order requirements, the parties will bring a full set of the joint exhibits to the final pretrial conference and to trial.

### A. Armstrong's Objections

#### 1. Joint Exhibit No. 102 – Armstrong's Deposition Transcript

Armstrong objects to Tylor's inclusion of Armstrong's deposition transcript as an exhibit. During the parties' meet and confer, Tylor represents that he only intends to use Armstrong's deposition transcript for impeachment purpose. While Armstrong agrees that Tylor may use Armstrong's deposition transcript for impeachment purpose, as that is always the case in civil trials, Armstrong disagrees that the transcript should be included as a trial exhibit. Moreoever, Armstrong's deposition transcript contains Armstrong's testimony about his criminal history, which is subject to Armstrong's Motion *In Limine* No. 1. *See* Dkt. 176, Armstrong's MILs at 1-5. If the Court, however, were to agree with Tylor that Armstrong's deposition transcript may be included as an impeachment exhibit, the parties agree that they will likewise include as impeachment exhibits the deposition transcripts for all of the other witnesses listed on the parties' witness lists in, *supra*, Section IV.

### 2. Joint Exhibit No. 105 – Armstrong's Medical Records

Armstrong objects to this exhibit as untimely disclosed. Tylor has never produced this exhibit during this discovery. Even now, Armstrong has not seen this exhibit. Tylor did not include this exhibit in his draft during the second exchange of the final pretrial order, nor did he raise it during the meet and confer. The first time Tylor included this exhibit was on the day of the filing. Thus, the Court should not allow this exhibit to be used at trial. *See* Dkt. 174, MSJ Order at 11 ("the date for the second exchange is extended to September 16"); Final Pretrial Order Requirements ("Defendant's counsel *must* respond in writing to plaintiff's draft . . . including any objections, changes, and additions to plaintiff's draft, *as well as defendant's portions of the draft pretrial order*[.]") (emphasis added).

### 3. Joint Exhibit No. 152 – Armstrong's Disciplinary Record While Incarcerated

For the reasons stated in Armstrong's Motion *In Limine* No. 2, Armstrong objects to Dart and Smith's inclusion of Armstrong's disciplinary history while incarcerated. *See* Dkt. 176, Armstrong's MILs at 5-7.

**B.    Tylor's Objections**

Tylor does not have any objections to the joint exhibit list.

**C.    Dart and Smith's Objections**

Dart and Smith object to Joint Exhibits Nos. 46-53 and 61 under Federal Rules of Civil Procedure Rules 401 and 403.

<u>**Armstrong's Objections**</u>: Armstrong objects to Dart and Smith's objections as untimely. Dart and Smith did not include any objections to these exhibits by the September 16, 2019 deadline set by the Court. *See* Dkt. 174, MSJ Order at 11 ("the date for the second exchange is extended to September 16"); Final Pretrial Order Requirements ("Defendant's counsel *must* respond in writing

to plaintiff's draft . . . including any objections, changes, and additions to plaintiff's draft, *as well as defendant's portions of the draft pretrial order*[.]") (emphasis added). Nor did they raise any objections during the meet and confer. Rather, the first time Dart and Smith raised these objections was on the day of filing. Because Dart and Smith's objections are untimely under the Court's rules, the Court should not consider their objections.

VI.  **TYPE AND LENGTH OF TRIAL**

The trial will be a jury trial. The parties expect the trial to last three days.

VII. **PROPOSED VOIR DIRE QUESTIONS**

    A.    **Armstrong's Proposed Voir Dire Questions**

In addition to the Court's standard voir dire questions, Armstrong submits the following questions specific to the case:

1. This case involves events that happened in 2016 when the Plaintiff, Mr. Ian Charles Armstrong, was a pretrial detainee. That means Mr. Armstrong had been arrested. He was in jail waiting for his trial. But Mr. Armstrong had not been convicted of a crime. Just because somebody has been arrested does not mean they are guilty. Knowing now that Mr. Armstrong had been arrested and was in jail, do you believe you can listen to the evidence presented at trial with an open mind and render a fair, impartial decision based on the facts of the case alone?

2. The Cook County Sheriff's Office is a defendant in this case. Do you feel like you may have sympathy towards the Sheriff's Office and its officers?

3. Mr. Tylor is a defendant in this case. Mr. Tylor works as a Correctional Rehabilitation Worker, or sometimes referred to as a social worker, at the Cook County Sheriff's Office. Do you feel like you may be biased in favor of Mr. Tylor because of his profession?

4. Have you or your close friends or relatives had any dealings with pretrial detainees that left you with negative feelings about pretrial detainees generally?

5. Do you agree that a person is innocent until proven guilty, or do you believe that the police usually get it right and people who get arrested are probably guilty?

6. Do you believe that a person who has been arrested is likely to be dishonest?

7. Do you believe that people in jail have it too easy?

8. Do you believe people in jail deserve to suffer?

9. The Constitution guarantees pretrial detainees rights to clean and sanitary living conditions. Do you agree that pretrial detainees should have the same rights and protections under the Constitution and the laws of the United States as a person not accused of a crime?

10. Do you believe that pretrial detainees should be allowed to file lawsuits when their Constitutional rights are violated?

11. Do you believe law enforcement officials should be given the benefit of the doubt because they have difficult jobs?

12. Do you believe that the government or others in power should be able to bend the rules to get things done?

13. Have you ever worked in plumbing or sanitation services (*e.g.*, as a janitor) where you had to clean toilets, repair toilets, or clean up after a toilet overflowed or leaked dirty toilet water?

14. Do you have any relatives or close friends who ever worked in plumbing or sanitation services (*e.g.*, as a janitor) where they had to clean toilets, repair toilets, or clean up after a toilet overflowed or leaked dirty toilet water?

**B.  Tylor's Proposed Voir Dire Questions**

1. Have you ever applied for a job with a law enforcement agency or security-related business?

**ARMSTRONG'S OBJECTIONS**: This question is duplicative of the Court's general questionnaire No. 14. *See* Sample Jury Questionnaires for Civil Section 1983 Case No. 14.

2. Have you, or any relatives or close friends ever been employed by the Cook County Sheriff's Department, or any local, state, or federal government agency?

3. Have you, or any relatives or close friends, ever been: a) questioned, detained, or searched by a police officer or deputy sheriff? b) arrested or charged with violating any law or ordinance?  c) convicted of a crime, jailed or imprisoned?

**ARMSTRONG'S OBJECTIONS**: This question is duplicative of the Court's general questionnaire No. 16. *See* Sample Jury Questionnaires for Civil Section 1983 Case No. 16.

4. Have you, or any relatives or close friends, ever been the victim of a crime?

**ARMSTRONG'S OBJECTIONS**: This question is duplicative of the Court's general questionnaire No. 17. *See* Sample Jury Questionnaires for Civil Section 1983 Case No. 17.

5. Have you, or any relatives or close friends, had any dealings with police officers or deputy sheriffs that left you with strongly negative or strongly positive feelings about law enforcement officers generally?

**ARMSTRONG'S OBJECTIONS**: This question is duplicative of the Court's general questionnaire No. 18. *See* Sample Jury Questionnaires for Civil Section 1983 Case No. 18.

6. Do you belong to or work with any neighborhood watch groups or any groups that focus on crime prevention of enforcement of the law?

7. Do you have a negative opinion about the Cook County, the Cook County Sheriff's Department or any government agency?

8. Are you aware of any negative opinions by a close friend or family member about Cook County, the Cook County Sheriff's Department or any Governmental Agency?

9. Do you believe that just because someone filed a lawsuit that they are entitled to money?

**C.     Dart and Smith's Proposed Voir Dire Questions**

1. Does anyone here know, or are any of you acquainted with, any of the parties in this case? [List parties]

**ARMSTRONG'S OBJECTIONS**: This question is duplicative of the Court's jury selection procedure where the Court will ask the prospective jurors "whether they know or have had dealings with any of" the "prospective witnesses and others whose names are likely to come up during the trial." *See* Judge Matthew Kennelly's Jury Selection Procedure at 1.

2. Are you aware of anyone who may be called as witnesses in this case?

**ARMSTRONG'S OBJECTIONS**: This question is duplicative of the Court's jury selection procedure where the Court will ask the prospective jurors "whether they know or have had dealings with any of" the "prospective witnesses and others whose names are likely to come up during the trial." *See* Judge Matthew Kennelly's Jury Selection Procedure at 1.

3. Will the fact that the Plaintiff is a prisoner and Defendant a prison employee affect your ability to serve as a fair and impartial juror?

4. Do you have any negative or positive ideas or feelings about prison officials or correctional officers? If so, will that affect your ability to be a fair and impartial juror?

5. Are any of you familiar with the Cook County Jail?

6. Have any of you read any books, reports, articles, or other publications relating to the operation of jails or prisons and the treatment of detainees in Cook County or elsewhere in the United States? If so, what opinion have you formed based on what you have read?

7. Are any of you now or have any of you ever been, associated with any group or organization that is concerned with the reform of prisons in Illinois or elsewhere? If so, what opinion have you formed based upon this experience?

8. Do any of you have any knowledge or entertain any attitudes or opinions about the operation of jails or prisons and the conditions of confinement treatment of detainees in Illinois or elsewhere in the United States? If so, what is the basis of your knowledge? Will your knowledge, attitudes, or opinions affect your ability to serve as a fair and impartial juror?

9. Have you, any relative, friend, or neighbor ever been an inmate of a jail or prison either in Illinois or elsewhere? If so, will that fact affect your ability to serve as a fair and impartial juror?

10. Have you ever commented in writing, such as online or in a letter to the editor, about news stories you feel strongly about? If yes, please give some recent examples.

11. Do you hold any religious, philosophical, moral or other beliefs that would make it difficult for you to judge the conduct of another person?

## VIII. PROPOSED JURY INSTRUCTIONS

The parties' agreed and disputed proposed jury instructions, including objections, are attached as Exhibit C to this Order. Pursuant to the Court's Final Pretrial Order requirements, the parties will deliver to the Court a flash drive with a copy of the proposed jury instructions in Microsoft Word format.

**CERTIFICATE OF SERVICE**

I certify that on September 20, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Northern District of Illinois.

<em>/s/ Han Cui</em><br>
Han Cui