IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| IAN CHARLES ARMSTRONG, | |
| Plaintiff, | No. 16 CV 09215 |
| v. | Judge Matthew F. Kennelly |
| COOK COUNTY ILLINOIS, MICHAEL TYLOR, ET AL. | |
| Defendants. | |

### RESPONSE OF DEFENDANTS DART AND SMITH
### TO PLAINTIFF'S MOTION TO EXCLUDE TRIAL WITNESSES

Pursuant to the Court's Order of November 8, 2019, defendants Sheriff Thomas J. Dart and Cara Smith (collectively "Defendants"), by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, and through their attorneys, OSCAR S. KPOTA, KEVIN THOMAS and MARISSA D. LONGORIA ("Defense Counsel"), and pursuant to FED. R. CIV. PRO. 26, hereby respond to Plaintiff's Motion to Exclude Defendants' Untimely Disclosed Trial Witnesses, and state as follows:

ARGUMENT

Plaintiff Ian Charles Armstrong ("Plaintiff") has moved to bar three witnesses, Tushar Advani, Monica Abner and Isabel Guzman, each of whom Defense Counsel intends to call for purposes of impeaching Plaintiff. FED. R. CIV. PRO. 26(a)(1)(A)(i) states that the following must be disclosed:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

The exclusion of witnesses whose testimony "would be used solely for impeachment" shows that Fed. R. Civ. Pro. 26 not only fails to authorize Plaintiff's motion to exclude but shows that this motion lacks all merit.

Fed. R. Civ. Pro. 26 does not require the disclosure of any witnesses to be called for the sole purpose of impeachment. *See*, *e.g.*, *Villalba v. Consolidated Freightways Corp.*, 2000 U.S. Dist. LEXIS 11773, *29-*30 (N.D. Ill. August 10, 2000) (Nolan, J.). And that is the sole purpose for which Defense Counsel intends to call Advani, Abner or Guzman.

> A. The motion should be denied. **Defendants Complied With The Court's November 6, 2019 Order**

At the second final pretrial conference, this Court directed Defense Counsel to the following:

> "So what I'm directing the defendant to do --**defendants to do is to disclose by noon tomorrow the identity of any treating medical person that you may call for any purpose at all and identify any records that relate to that person, you know, having seen or visited with or spoken with the plaintiff. And if they've already been produced, you can just say, these were part of the, you know, production on such-and-such a date, or, these were part of a response to the subpoena, or, these were Bates numbered this or that.** And if you can't find what they have -- if the plaintiff tells you they can't find it, then send them over to them again by, you know, email, fax, carrier pigeon, or whatever." (11/6/19 Hearing Tr. at 38:1-12, emphasis added.)

Later, this Court added:

> "**You need to give a little synopsis of what you anticipate this person saying, these people saying. In other words, he visited on me on such-and-such a date, he didn't say anything about A, B, C, or D. You need to give a synopsis of that. It's not going to be enough to just give them the name and the records**." (11/6/19 Hearing Tr. at 40:14-24, emphasis added.)

On November 7, 2019, in accordance with this Court's instructions, the undersigned Defense Counsel e-mailed all counsel of record identifying the medical treaters to be called for impeachment purposes and directed Plaintiff's counsel to Plaintiff's deposition transcript which

indicates that Plaintiff's medical records were discussed during Plaintiff's deposition. The November 7, 2019 e-mail also attached correspondence addressed to Plaintiff's counsel dated August 3, 2018 from counsel for Sheriff Dart and Cara Smith wherein the Plaintiff's medical records were previously disclosed to Plaintiff's counsel. *See* Exhibit 1. In accordance with the Court's first Order the e-mail provided to Plaintiff's indicated that the medical records were also part of a response to Plaintiff's subpoena. *Id.*

On November 7, 2019, Counsel for Sheriff Dart and Cara Smith never received any indication from plaintiff's counsel regarding their apparent belief that Defense counsel had not acted in accordance with the Court's order. Defense Counsel have complied with this Court's instruction.

Upon reviewing said Motion, Defense Counsels sent an email explaining that, without the benefit of reviewing the hearing transcript, the parties had a different recollection. Nonetheless, Defense Counsel in that same e-mail sent a synopses of the expected testimony of each of the witnesses. *See* Exhibit 2.

The information provided to Plaintiff's counsel was not an "ambush" in any way, as this information had been available to Plaintiff since 2018, but was instead a good faith effort to follow the Court's directive. Through this information, Defense Counsel reiterated their Rule 26(a) disclosure, which clearly and unequivocally disclosed "any and all medical treaters of Plaintiff for medical conditions related to alleged injuries form the conditions of confinement" . *See* Exhibit 3.Again, Defense Counsel did not disregard the Court's November 6, 2019 Order and, upon realizing that there may have been a misunderstanding, immediately sent an e-mail with synopses of the expected testimony.

    **B.**     **Defendants' Rule 26 Argument Is Moot As Defendants Solely Intend To Use The Witnesses For Impeachment Purposes.**

The Federal Rules of Civil Procedure divide potential witnesses into three categories for purposes of disclosure. The first group, fact witnesses, must be disclosed by sending to the opposing party the name, address, and phone number (if known) of each potential witness. FED. R. CIV. PRO. 26(a)(1)(A). As previously discussed, Rule 26 expressly states that such disclosure includes anyone likely to have discoverable information that the disclosing party may use to support its claims or defenses, **unless solely for impeachment**. (emphasis added.) Regarding pretrial disclosure, Rule 26 again restates that a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial **other than solely for impeachment**. (emphasis added.) Plaintiff's recitation of dates, and various statuses, is has no relevance whatsoever and does not support his motion to exclude. Defense Counsel always intended on using said witnesses solely for the purpose of impeaching Plaintiff's statement.

On November 5, 2019, this Court expressed a desire to streamline the trial. To that effect, the Court asked all the Parties how many witnesses total each parties intended to have testify. Defense Counsel was under no obligation to disclose such witnesses *but, for planning purposes, in order to give the Court the entire universe of potential witnesses* which may be called stated that a couple of treaters may be called.

On November 6, 2019 during the pretrial conference, Defendants' counsel misidentified said witnesses as "rebuttal witnesses" but quickly clarified that the sole intent of bringing any treaters was to impeach Plaintiff testimony at trial:

> THE COURT: Those are not rebuttal witnesses. That's not what rebuttal -- that's not what "rebuttal witnesses" mean. That's -- in my opinion, that is squarely covered by Rule 26. Rule 26(a)(1) requires disclosure of the identity of any individual likely to have discoverable information that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment.
> MR. KPOTA: **And that's the sole use --**
> THE COURT: No, it isn't. You just want to put in an admission.

>MR. KPOTA: **No, your Honor.**
>THE COURT: That's not impeachment.
>MR. KPOTA: **Your Honor, this would be only – those treaters would be only brought to dispute any statement that Mr. Armstrong makes –**

The fact that Defendants misidentified "impeachment" witness as "rebuttal" witness, in no way shape of form, changes the fact that Defense Counsel intended on using said witnesses solely for the purpose of impeaching Plaintiff and that Defendants' counsel quickly clarified that the sole intent of bringing any treaters would be for impeachment.[1] Ultimately, Rule 26(a)(1) requires disclosure of the identity of any individual likely to have discoverable information that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment. Defense Counsel was under no obligation to disclose such witnesses and only did so for trial planning purposes. As such, said witnesses should not be excluded from being called at trial for impeachment purposes.

### C. Plaintiff's "Timely Disclosure" Argument Is Moot And Disingenuous.

Plaintiff argues that the witness should be barred because their identification was untimely. Not so. Plaintiff Ian Armstrong, was referred to Early Access and Review (EAR) on June 25, 2018, at which time the medical records were made available to Plaintiff's counsel to review per authorization and release from Plaintiff, Ian Armstrong. *See* Exhibit 1. After the June 25, 2019 EAR, Plaintiff's counsel Mike O'Brien, subpoenaed Plaintiff's medical records from

---

[1] Federal courts have repeatedly held that the Federal Rules of Civil Procedure do not elevate form over substance. *See*, *e.g.*, *Fabara v. Gofit, LLC*, 308 F.R.D. 380, 400 (D. N.M. 2015) (holding that "forcing defendants to plead lack of personal jurisdiction as an affirmative defense would elevate form over substance and contravene the federal rules' liberal pleading philosophy"); Listle v. Milwaukee County, 926 F. Supp. 826, 828 (E.D. Wisc. 1996) (rejecting an interpretation of Federal Rule of Civil Procedure 4 "because it improperly elevate[ed] form over substance"). As *Villalba* shows, Defendants had no duty in the first place to disclose Advani, Abner or Guzman in their Rule 26 disclosures, as they intend to only call these witnesses for impeachment. *Villalba*, 2000 U.S. Dist. LEXIS 11773, *29-*30. Plaintiff's request that such witnesses be barred because they were misidentified as "rebuttal" witnesses instead of "impeachment" witnesses would be to put form over substance and should not be countenanced.

Cermak Health Services and undersigned Defense Counsel tendered those records on August 3, 2018. *See* Exhibit 1. Defense Counsel here is not using delay-and-defy tactics, nor have the number of witnesses doubled from those initially disclosed. Defense Counsel intends to use the same five witnesses as Plaintiff. Should Plaintiff testify in a manner that opens him up for impeachment, Plaintiff's treaters will be called to impeach him.

Furthermore, without any legitimate basis, Plaintiff invites this Court to "check" Defense Counsel. This Court should decline this invitation, as Plaintiff's grapeshot attack against Defense Counsel is baseless and unwarranted. Defense Counsel complied with Rule 26. Plaintiff's motion to exclude is groundless.

### D. Witnesses Do Not Qualify as Hybrid Experts

Plaintiff's counsel argues that the identified witnesses should be excluded because they are hybrid expert witnesses. Defendants submit that these witnesses cannot be identified as hybrid experts. In *Lamphear v. Spoden,* 2018 U.S. Dist. LEXIS 121173 (W.D. Wisc. July 18, 2018), three of the witnesses appeared to be testifying as to their personal knowledge of the facts of the case. Two of the witnesses disclosed were medical professionals who would testify about their treatment of Plantiff. The court explained that the witnesses should be considered hybrid witnesses because they would provide expert testify that they formed during their prior involvement with Plaintiff and regarding the facts of the case.

However, in the case at hand, the identified treaters Advani, Abner and Guzman, will not offer expert opinion. These identified witnesses will only be used only for the purposes of impeachment, specifically, with regard to how Plaintiff felt when complaining about his allegations surrounding the conditions of his confinement.

## CONCLUSION

Plaintiff's motion to exclude not only has no basis in the Federal Rules but, in fact, is directly contrary to Rule 26. The motion should be denied.

Respectfully Submitted,

Kimberly M. Foxx
State's Attorney of Cook County


<u>s/ Oscar S. Kpota</u>
Oscar S. Kpota
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5440