IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ian Charles Armstrong,<br>    Plaintiff,<br><br>    v.<br><br>Cook County, Illinois, *et al.*,<br>    Defendants. | Case No. 16 C 9215<br><br>Honorable Matthew F. Kennelly |

## MICHAEL TYLOR'S RESPONSE TO ARMSTRONG'S MOTION TO EXCLUDE THREE TRIAL WITNESSES

**NOW COMES** Defendant, Michael Tylor ("Defendant Tylor"), by and through his attorney, John C. Coyne, and urges this Court to deny Plaintiff's motion to bar three trial witnesses: Tushar Advani, Monica Abner, and Isabel Guzman. These three individuals ("subject witnesses") provided medical treatment to Plaintiff during his subject detention in Cook County Jail. First, both the identity of these witnesses as well as the content and relevance of their presumed knowledge as to the claims and defenses of this case were well known to Plaintiff long before Plaintiff's motion was brought. Second, the subject witnesses are rebuttal (which includes impeachment) witnesses. They will be called to rebut and/or impeach testimony of Plaintiff which controverts the contents of medical records they generated as a result of their treatment of Plaintiff. Additional bases in support of Defendant. Michael Tylor's Response is set forth below. Insofar as undersigned counsel for Defendant Tylor only filed an appearance in this case on January 28, 2019 (well-after the close of all discovery), Defendant Tylor also adopts the Response motion filed by co-defendants.

1

# ARGUMENT

Plaintiff does not appear to dispute that Co-Defendants' counsel disclosed Plaintiff's medical records, which were generated by treatment rendered to Plaintiff by the subject witnesses, on August 3, 2018.  Co-Defendants disclosed the identity of "any and all medical treaters of Plaintiff for medical conditions related to alleged injuries from the conditions of confinement."  Co-Defendants Rule 26(a) disclosures; **Exhibit "A"**.  Plaintiff appears to take takes issue with the completeness of the disclosures.  In particular, Plaintiff complains that he has not received a synopsis of what Defendants anticipate the treaters will testify to at trial.  This claim is disingenuous for the reasons set forth above.  Furthermore, however, undersigned counsel for Defendant Tylor provided the expected testimony in an email to Plaintiff's counsel on November 8th, 2019, setting forth  a "synopsis" of the expected subject witness testimony to involve "what, if any, complaints Plaintiff made pertaining to headaches, dizziness and mental anguish." **Exhibit "B"**.  There is no harm or prejudice to Plaintiff since both his expected testimony regarding damages, as well as the content of his own medical records, were well known to Plaintiff no later than August 3, 2018, more than fifteen months ago.  Any attempt to feign surprise or prejudice, in light of this fact, is disingenuous.

Plaintiff himself controls the scope of his testimony.  If he testifies to "facts" that are inconsistent with the medical records he has had in his possession since no later than fifteen months ago, his treaters may rebut said testimony by testifying as

to (1) the accuracy of the medical record, and (2) their recollection of statements Plaintiff made at the time of the subject treatment. This is proper rebuttal/impeachment testimony and Plaintiff was on notice of its existence no later than fifteen months ago.

Plaintiff has no sound basis for the pre-emptive exclusion of testimony offered to contradict his own potential misstatements at trial. When he testifies in his case in chief, Plaintiff will open the door of relevance to the rebuttal testimony of his medical treaters widely, somewhat, or not at all. If Plaintiff testifies in a manner consistent with his medical records, there may simply be no need to call the subject witnesses. "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *United States v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001) (internal punctuation omitted). The subject witnesses may rebut any testimony that Plaintiff *may* offer at trial. Indeed, it is the hypothetical nature of the testimony of the subject witnesses – the trigger of which will be Plaintiff's own trial testimony – that prevents a more detailed synopsis of the observations that each one of them made during the course of treatment.

Plaintiff's claims that "Defendants have a pattern and practice of not following Federal Rules of Civil Procedure and Court Deadlines", (Plaintiff's Motion, paragraph 7). First, this is a conclusory claim with no evidentiary content even offered in support. Second, undersigned counsel for Defendant Tylor was appointed as counsel for Defendant Tylor on January 28, 2019, well after the close of all

3

discovery in this case. Dckt. 116. Since that time, no discovery request has been received from Plaintiff directed to Defendant Tylor, nor would any be permitted pursuant to the Court's Order. Consequently, Defendant Tylor is without any, much less a meaningful, basis to even attempt to respond to Plaintiff's claim of non-compliance on the part of Defendant Tylor.

**WHEREFORE**, for the reasons set forth above, Defendant Tylor moves that this Court deny Plaintiff's motion to exclude the testimony of witnesses Tushar Advani, Monica Abner, and Isabel Guzman.

**MICHAEL TYLOR**

By: */s/ John C. Coyne*
      John C. Coyne

Law Offices of John C. Coyne
53 West Jackson Blvd.
Suite 1750
Chicago, IL 60604
(312) 583-9500
jcc@johnccoynelaw.com

**CERTIFICATE OF SERVICE**

    I, John C. Coyne, certify that this document was filed and served electronically via the Court's CM/ECF filing system this 12th day of November, 2019.

                      */s/ John C. Coyne*

discovery in this case. Dckt. 116. Since that time, no discovery request has been received from Plaintiff directed to Defendant Tylor, nor would any be permitted pursuant to the Court's Order. Consequently, Defendant Tylor is without any, much less a meaningful, basis to even attempt to respond to Plaintiff's claim of non-compliance on the part of Defendant Tylor.

**WHEREFORE**, for the reasons set forth above, Defendant Tylor moves that this Court deny Plaintiff's motion to exclude the testimony of witnesses Tushar Advani, Monica Abner, and Isabel Guzman.

                              **MICHAEL TYLOR**

                By:   */s/ John C. Coyne*
                         John C. Coyne

Law Offices of John C. Coyne
53 West Jackson Blvd.
Suite 1750
Chicago, IL 60604
(312) 583-9500
jcc@johnccoynelaw.com

**CERTIFICATE OF SERVICE**

    I, John C. Coyne, certify that this document was filed and served electronically via the Court's CM/ECF filing system this 12th day of November, 2019.

                      */s/ John C. Coyne*