IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IAN ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16 C 9215 |
| ) | |
| THOMAS DART, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFF'S MOTION TO EXCLUDE WITNESSES

This case is set for trial on November 18, 2019. The final pretrial conference was held, and largely completed, on September 25, 2019. There were a few loose ends on which the Court requested further submissions, and the Court disposed of those matters at a continuation of the final pretrial conference on November 6, 2019.

At the final pretrial conference session on September 25, 2019, counsel for defendants Dart and Smith sought an open-ended permission to amend their Rule 26(a)(1) disclosures. The Court emphatically denied the request, told defendants they would have to file a motion describing the nature of their proposed amendments and the basis for them, and admonished them to act promptly. The following exchange took place:

> COUNSEL FOR DART/SMITH: And plaintiff has indicated that they are still working on bringing some evidence. We are still working on bringing some evidence as well.
>
> THE COURT: Okay. You'll tell me if there's a problem on this, and I'll deal with it.
>
> COUNSEL FOR PLAINTIFF: Okay.

> COUNSEL FOR DART/SMITH: Okay. And we're requesting leave to amend our 26(a)'s and supplement our 26(a)s as well.
>
> THE COURT: Everybody is?
>
> COUNSEL FOR PLAINTIFF: We are not. This is the first time I have heard of it.
>
> THE COURT: Okay. So, no. So I am not giving a blanket, blind 26(a) amendment order. If you want to amend your -- we are way beyond the time to do that, okay? If you want to amend your 26(a)s at this point, you are going to have to file a motion and tell me what it is and tell me why and tell me why it wasn't done before, and I will deal with it as it comes out.
>
> The default rule is Rule 37(c)(1), which says that somebody that should have been listed under 26(a) and wasn't can't be used as a witness unless the failure to disclose was either justified or harmless. So that's the default rule.

Sept. 25, 2019 Tr. at 26-27. Later in the final pretrial conference, while discussing another witness, the following exchange took place:

> COUNSEL FOR DART/SMITH: And, your Honor, just as I stated earlier, we may be planning on bringing –
>
> THE COURT: Filing a motion –
>
> MR. KPOTA: And we will.
>
> THE COURT: -- to amend 26(a)s. All right.
>
> MR. KPOTA: Thank you.
>
> THE COURT: Well, all I am going to tell you is that the longer you wait, the percentage likelihood of it getting granted continues to goes down. I am not saying what the percentage is right now. Just say it goes down –
>
> MR. KPOTA: We will keep that in mind, your Honor.

*Id.* at 39.

Despite the Court's unequivocal admonitions, defendants took no steps in the six

2

or so weeks between the first and second sessions of the final pretrial conference to move for leave to amend their Rule 26(a)(1) disclosures. Rather, they did not bring up the subject again until November 5, during a hearing on a motion by defendant Tylor to delay the start of the trial by one day. During that hearing, the Court asked what witnesses would be called at trial. Counsel for Dart and Smith said that they intended to call "maybe a couple of treaters as rebuttal witnesses at most." Plaintiff's counsel replied, "Your Honor, we have not deposed any of those, so those would be new witnesses that were not disclosed." The Court suggested (as it had six weeks earlier) the filing of an appropriate motion, but again defendants did not act.

At the continued session of the final pretrial conference the next day, November 6, defendants did not bring up the issue, but plaintiff's counsel did, saying that they still had no idea who the new witnesses were that defendants intended to call. Counsel for Dart and Smith did not name the witnesses even then but stated that they would be "rebuttal" witnesses only. After further inquiry by the Court, it appeared that defendants were intending to call treating physicians to testify regarding what plaintiff had and not reported on certain occasions. The Court said that it did not regard these as "rebuttal" witnesses—speaking at that point not of Rule 26(a)(1), which does not use that term, but of the District's final pretrial order rules (a point to which the Court will return later in this order). After further discussion, the Court ordered defendants to disclose by the noon next day "the identity of any treating medical person that you may call for any purpose at all and identify any records that relate to that person." Later during the hearing, the Court supplemented this—and made sure to wait until defense counsel was listening—as follows:

3

> THE COURT: I'm going to just tweak what I said before a little bit. You need -- you need to give when I say you, I mean defense counsel, give kind of a short synopsis, I want to make sure Mr. Kpota is listening, you need to give a little synopsis of what you anticipate this person saying, these people saying. In other words, he visited on me on such-and-such a date, he didn't say anything about A, B, C or D, you need to give a synopsis. It's not going to be enough to give them the name or records.

As the Court made clear during the hearing, it imposed this requirement not to suggest that compliance would entitle defendants to call the unidentified witnesses, but rather to enable filing and briefing of a motion to exclude them.[1]

Regardless, defendants did not comply with the Court's order. Instead, they did exactly what the Court had specifically told them was "not going to be enough": they provided only the names and identification of records and offered nothing about what the witnesses would say. Pl.'s Mot. to Exclude, Ex. 1 (O. Kpota Nov. 7, 2019 e-mail). Only after being called on this by plaintiff's counsel, and then professing that they did not understand the Court had directed them to provide more, did defense counsel offer a summary. Pl.'s Reply, Ex. A (O. Kpota Nov. 8, 2019 e-mail).

Here is the summary that counsel for Dart and Smith provided on November 8:

- Tushar Advani can testify that he saw Plaintiff throughout the relevant period of time. Tushar Advani can testify that he explained to Plaintiff how to access medical are and that Plaintiff never complained of an inability to eat but also that the insomnia and nightmares he complained of where unrelated to any condition in his cell.

- Monica Abner can testify that she saw Plaintiff in June 2016. Additionally, Monica Abner can testify that, when she examined Plaintiff, he was suffering from an unrelated condition and did not vomit.

- Isabel Guzman can testify that she examined Plaintiff in May 2016. Isabel Guzman can testify that Plaintiff's insomnia and nightmares began prior to his allegations regarding his cell were made and that they were

---

[1] Specifically, the Court stated that the supplemental disclosure it was ordering "does not cure any prior disclosure problem if there is one."

4

unrelated to any alleged conditions in his cell.

*Id.* To this, counsel for Tylor added the following: "Tylor would elicit testimony from subject treaters and ask questions regarding what, if any, complaints plaintiff made pertaining to headaches, dizziness, and mental anguish." *Id.*

Armstrong argues that Advani, Abner, and Guzman were not timely or properly disclosed and that he will be unfairly prejudiced if defendants are permitted to call them. Defendants argue that earlier disclosure was not required and that there is no unfair prejudice to Armstrong.

The first question is whether defendants' belated disclosure ran afoul of Federal Rule of Civil Procedure 26(a). Rule 26(a)(1) requires disclosure of the identity "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosure party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). In addition, Rule 26(a)(2) requires disclosure of "the identity of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," in other words, opinion testimony. *Id.* 26(a)(2)(A). If such a witness is not retained to provide expert testimony, the party must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." *Id.* 26(a)(2)(C).

Defendants appear to take the position that because they intend to call these witnesses to testify to matters that contradict Armstrong's claims, the witnesses are being called "solely for impeachment" and thus did not have to be disclosed under Rule 26(a)(1). That is an untenable position. If taken to its logical conclusion, *no witness* a

5

defendant intends to use would have to be disclosed under Rule 26(a)(1) (except, perhaps, one testifying only on an affirmative defense). "Solely for impeachment," as used in this rule, denotes witnesses whose sole purpose is to provide testimony to the effect that an opposing party or witness said or did something different or contradictory on another occasion or omitted matters he now asserts. It does not mean anything that contradicts something in the opposing party's case.

In short, were Advani, Abner, and Guzman being called exclusively to testify that, at some relevant time, Armstrong said nothing to them about conditions he now asserts he had or said something different from what he now contends, then they would be intended "solely for impeachment" and would not have to be disclosed under Rule 26(a)(1). But that is not what defendants propose. They intend to call Advani to testify, among other things, that "the insomnia and nightmares [Armstrong] complained of were unrelated to any condition in his cell"; they intend to call Abner to testify that in June 2016, Armstrong "was suffering from an unrelated condition and did not vomit"; and they intend to call Guzman to testify, among other things, that Armstrong's claimed insomnia and nightmares "were unrelated to any alleged condition in his cell." This does not amount to use of these witnesses "solely for impeachment" as Rule 26(a)(1) uses that term; indeed, causation is a topic on which Armstrong is *precluded* from testifying due to his lack of medical expertise. Moreover, defendants—by their own disclosures—are offering Advani and Guzman, and likely also Abner, to provide affirmative opinion testimony, specifically whether the conditions of which Armstrong complained were related to the conditions in his cell. That is opinion testimony that required disclosures under Rule 26(a)(2), not simply Rule 26(a)(1).

6

Defendants did none of what Rule 26(a) required. They made no disclosure of any of these witnesses in their Rule 26(a)(1) disclosures, which they never amended. They provided only the following single sentence in their Rule 26(a)(1) disclosures: "Defendants further disclose any and all medical treaters of Plaintiff for medical conditions related to his alleged injuries from the conditions of confinement." Dart/Smith Resp., Ex. 3 at 1. This came nowhere close to meeting the requirements of Rule 26(a)(1) when viewed in light of what defendants now propose; this brief statement did not name any of the witnesses, and it did not provide a summary of anything approaching the subjects on which defendants now propose to elicit testimony from them. In addition, defendants provided no disclosures at all under Rule 26(a)(2) of their newly-anticipated causation testimony—at least none that they have offered to the Court in connection with the motion to exclude.

Under Federal Rule of Civil Procedure 37, failure to make a disclosure under Rule 26(a) requires exclusion of the testimony, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). It was neither, with one narrow exception noted below. Defendants make no effort to justify their non-disclosure, and for good reason: there is no viable excuse. Defendants knew of these witnesses long ago; they have known of Armstrong's claims and his alleged injuries since the outset of this case, and they took his deposition in August 2018. Yet they sat on their hands. This is the opposite of diligence. Worse, when defendants raised the issue of supplementation of their Rule 26(a) disclosures at the September 25 pretrial conference, the Court told them they would have to file a motion and admonished them to do so promptly, telling them that the longer they waited, the less likely they would get relief. Even then,

defendants continued to sit on their hands. *They did nothing at all* to disclose the witnesses in any way, shape, or form approaching a proper Rule 26(a) disclosure, instead waiting six weeks and then bringing up the subject again only in the most general of terms, still without identifying any particular witnesses or testimony. Worse still, after this they ignored the Court's specific directive—made during a court hearing, after pausing to make sure that defense counsel was listening—to disclose not just names but also a summary of testimony. Instead, they offered only names and document lists, exactly what the Court told them would be insufficient.

Nor have defendants shown that the failure to disclose is harmless. In considering this question, a court considers the prejudice or surprise to the party against whom the evidence is offered; that party's ability to cure the prejudice; the likelihood the trial would be disrupted; and any bad faith or willfulness in not disclosing the evidence earlier. *David v. Caterpillar, Inc.*, 354 F.3d 851, 857 (7th Cir. 2003). The fact that Armstrong had records for the medical visits in question does not render harmless defendants' failure to disclose their intention to call medical personnel to testify about Armstrong's statements during visits with them or their conclusions about the causes for his claimed symptoms. A medical treater's notes from visits of this sort—particularly in the jail or prison context—are summaries at best and not a complete rendition of what the inmate/patient did and did not say. Because Armstrong was never put on notice that the defendants might call the treaters to testify, he had no fair opportunity to take their depositions in order to test the strength or weakness of their recollections or diagnoses. This cannot realistically be cured now in the few short days that remain before trial.

To be sure, there is one aspect of two of the witnesses' anticipated testimony that would fall within Rule 26(a)(1)'s exception for impeachment testimony and would not bring Rule 26(a)(2) into play. Specifically, defendants say they will call Advani to testify that "Plaintiff never complained of an inability to eat" and that they will call Guzman to testify that "Plaintiff's insomnia and nightmares began prior to his allegations regarding his cell were made"—which the Court takes as indicating that Guzman will testify that Armstrong complained about insomnia and nightmares before the period at issue in Armstrong's claim. This—*but only this*—is "impeachment" testimony within Rule 26(a)(1)'s exception, and thus the non-disclosure of this testimony was justified. In short, if one considers only the disclosure requirements of Rule 26(a), defendants would not be precluded from calling Advani or Guzman to testify regarding these specific points.

The next question involves defendants' non-compliance with this district's final pretrial order rules, which have been in effect for at least four decades. Specifically, the Appendix to Northern District of Illinois Local Rule 16.1.1, which sets out the requirements for the final pretrial order, requires disclosure in the final pretrial order of the "names and addresses of the potential witnesses to be called by each party." N.D. Ill. LR Form 16.1.1 (final pretrial order form) ¶ 2(d). The same rule also provides that "[a]ny witness not listed will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party." *Id.* n.6.

Defendants did not comply with this rule either. First, they did not identify

9

Advani, Abner or Guzman in the final pretrial order, which was filed on September 20, 2019. Rather, they first identified the witnesses well over six weeks later, long after the final pretrial conference's first session (despite the Court's admonition, discussed earlier) and only after, at the second session, the Court specifically ordered them to do so. Second, these were by no stretch of the imagination "rebuttal witnesses who are not presently identifiable." Indeed, they were not "rebuttal" witnesses at all, unless one construes that term so broadly as to make it meaningless. And even if they were rebuttal witnesses and only that, they were, without question, "presently identifiable" long before the final pretrial order was filed, thus preventing defendants from taking refuge under this exception. As indicated earlier, having taken Armstrong's deposition in August 2018, defendants were on notice long ago what his testimony would be, so they have no viable justification, let alone "good cause," for omitting these witnesses from the final pretrial order waiting until the eve of trial to identify them as witnesses.

This noncompliance by defendants was not harmless. As the Court has indicated, Armstrong was effectively deprived of any realistic opportunity to test the accuracy of these witnesses' recollection prior to trial.

The Court summarizes its conclusions as follows. First, defendants failed to properly disclose the three witnesses under Rule 26(a), with the very limited exception of testimony by Advani that Armstrong "never complained of an inability to eat" during his visits with Advani and testimony by Guzman that Armstrong reported insomnia and nightmares to Guzman before the period of time during which he says he was experiencing the adverse conditions in his cell. The nondisclosures were neither substantially justified nor harmless. Second, defendants also failed to comply with this

10

district's rules regarding preparation of the final pretrial order with regard to all three of the newly disclosed witnesses. This noncompliance likewise was neither justified nor harmless.

The Court will, as a matter of its discretion, permit defendants to call witnesses Advani and Guzman on the very limited topics identified by defendants Dart and Smith that fell outside of the defendants' Rule 26(a)(1) disclosure obligations, with a significant condition.[2] Specifically, the Court will permit defendants to call Advani to testify that Armstrong "never complained of an inability to eat" during his visits with Advani and to call Guzman to testify that Armstrong reported insomnia and nightmares to Guzman before the period of time during which he says he was experiencing the adverse conditions in his cell. But they may do this only if they produce these two witnesses for back-to-back depositions not to exceed 30 minutes each, to take place on Friday, November 15 at a time and place of plaintiff's counsel's choosing (to be communicated by plaintiff's counsel today), unless plaintiff's counsel chooses to waive this condition.

### Conclusion

The Court grants plaintiff's motion to exclude, with the limited exception identified in the text of this order.

Date: November 13, 2019

_____
MATTHEW F. KENNELLY
United States District Judge

---

[2] The single-line e-mail on November 8 by Tylor's counsel that he "would elicit testimony from subject treaters and ask questions regarding what, if any, complaints plaintiff made pertaining to headaches, dizziness, and mental anguish" is far too general to warrant allowing testimony beyond the specifics the Court has identified in the text above, in light of the earlier non-compliance as well as the fact that this e-mail did not meet the requirements imposed by the Court in its November 5 directive.